# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

April 10, 2019

The Honorable Judge Theodore D. Chuang
United States District Court for the District of Maryland, Southern Division
6500 Cherrywood Lane, Suite 245A
Greenbelt, Maryland 20770

    Re:    *Parks v. Baltimore Police Department, et al.,* Case No. 18 CV 3092
              Notice of Intent to File a Motion

Dear Judge Chuang,

    Pursuant to the Court's Case Management Order (Doc. 7) entered in this case, Plaintiff Garreth Parks respectfully submits this Notice of Intent to File a Motion to file an amended complaint.

    Mr. Parks filed his federal lawsuit on October 8, 2018. He alleges that he was wrongfully convicted of and served more than 16 years in prison for a murder he did not commit due to the misconduct of several Baltimore Police Department Officers and unconstitutional policies and practices of the Baltimore Police Department.

    Plaintiff's complaint mistakenly names Victor Hagee and Barry Grant as defendants. Since filing his complaint, Plaintiff has learned that Charles Hagee, not Victor Hagee, should have been named as a defendant, and both Charles Hagee and Barry Grant are deceased. Plaintiff now respectfully requests leave to file an amended complaint naming the personal representatives of the estates of Grant and Hagee as defendants. *See* Ex. A (Proposed Amended Complaint).

    Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The Court should freely give leave when justice so requires." *Id*. The Fourth Circuit has construed this to mean "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

Here, both criteria under FRCP 15 have been met. First, the opposing parties do not object to Plaintiff's filing the amended Complaint to identify the personal representatives of the estates of the deceased defendants.

Second, justice requires that Plaintiff be permitted to file an amended complaint naming the proper parties. Plaintiff's motion is brought in good faith and so that he may proceed with his claims. Further, amendment will not be futile: Plaintiff's claims survive the deaths of Mr. Grant and Mr. Hagee. *Jones v. Prince George's County, Md.*, 541 F.Supp.2d 761, 764 (D.Md. 2008) ("It is well-settled law in Maryland… that a cause of action at the time of death survives the death of the person."). Lastly, no party will be prejudiced if Plaintiff's motion is granted. The personal representative of the estate of Charles Hagee is aware of Plaintiff's claims against him and has agreed to waive service. Plaintiff has also served the personal representative of the estate of Barry Grant with the operative complaint, and will issue a summons with the amended complaint naming the personal representative of the estate as a Defendant when one is filed.

Lastly, the Defendants have asked that (1) the personal representative of Charles Hagee's estate be joined to the pending motion to dismiss, Doc. No. 51, and (2) that the pending motions to dismiss be construed against the Amended Complaint, so that the parties do not have to refile. Plaintiff does not object to these requests. Indeed, the only change from the initial Complaint to the Amended Complaint is simply substituting the personal representatives of the Estates of Charles Hagee and Barry Grant in for the Defendants. There have been no changes to the substantive allegations in the Complaint, or even the numbering of the paragraphs of the Complaint.

Sincerely,

Katie Roche