
**LOEVY & LOEVY**
311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

April 12, 2019

*Electronically served and filed via CM/ECF*

The Honorable Judge Theodore D. Chuang
United States District Court for the District of Maryland, Southern Division
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    *Garreth Parks v. Baltimore Police Department, et al.*,
             Case No. 1:18-cv-03092-TDC, Notice of Intent to File a Motion

Dear Judge Chuang,

Pursuant to the Court's Case Management Order entered in this case, Plaintiff Garreth Parks respectfully submits this Notice of Intent to File a Motion. Plaintiff seeks to file a surreply to Baltimore Police Department's ("BPD") reply to Plaintiff's consolidated response in opposition to Defendants' Motion to Dismiss.

## Background

Mr. Parks filed his federal lawsuit on October 8, 2018. Dckt No. 1. BPD filed a Motion to Dismiss on February 11, 2019. Dckt No. 52, 52-1. On March 18, 2019, Plaintiff filed a consolidated response in opposition to the Defendants' Motion to Dismiss. Dckt No. 58. BPD filed its reply on April 8, 2019. Dckt No. 64. In BPD's reply, BPD argued that BPD is not subject to *Monell* liability because BPD is a state agency and is therefore entitled to Eleventh Amendment immunity. BPD acknowledged that this issue was being raised for the first time in its reply. *Id.* at 8. As this is a newly presented issue, Plaintiff did not have an opportunity to address this argument in his response brief; and as a result, Plaintiff now seeks to file a surreply focused solely on this issue.

## Summary of the Legal Issue

BPD argues that because BPD was established by Maryland law, its state-agency status automatically grants BPD Eleventh Amendment immunity such that BPD cannot be held liable under *Monell*. This argument misstates the law governing Eleventh Amendment immunity.

When assessing whether a state agency is entitled to the Eleventh Amendment protections, the Fourth Circuit has instructed the court to impose a four-part test. *Ram Ditta v. Maryland Nat'l Capital Park and Planning Comm.*, 822

F.2d 456, 457-58 (4th Cir.1987). The court must consider (1) whether or not the state treasury will be responsible for paying any judgment that might be awarded; (2) whether the entity exercises a significant degree of autonomy from the state; (3) whether it is involved with local versus statewide concerns; and (4) how it is treated as a matter of state law. *Id.* The most important factor is whether the state treasury will be impacted by the judgment from a lawsuit. *Id.* If the state treasury is not affected by the lawsuit, this factor "weighs heavily against Eleventh Amendment immunity." *Harter v. Vernon*, 101 F.3d 334, 340 (4th Cir. 1996).

When this four-part test has been applied to the exact question at issue here, courts have repeatedly held that BPD is not entitled to Eleventh Amendment immunity. *Alderman v. Baltimore City Police Dep't*, 952 F. Supp. 256, 257–58 (D. Md. 1997); *Kemp v. Harris*. No. CV WDQ-08-793, 2008 WL 11363697, at *4–5 (D. Md. Nov. 12, 2008). *See also Fish v. Mayor & City Council of Baltimore*, No. CV CCB-17-1438, 2018 WL 348111, at *3 (D. Md. Jan. 10, 2018); *Rockwell v. Mayor & City Council of Baltimore,* No. CIV.A. RDB-13-3049, 2014 WL 949859, at *11 (D. Md. Mar. 11, 2014); *Brown v. Tshamba*, No. CIV.A. RDB 11-00609, 2011 WL 2935037, at *5 (D. Md. July 18, 2011); *Hall v. Baltimore City Police Dep't*, Civ. A. No. RDB-09-333, 2009 WL 3247782, at *3 (D.Md. Oct. 6, 2009); *Munyiri v. Haduch*, 585 F.Supp.2d. 670, 676 (D.Md. 2008); *Chin v. City of Baltimore*, 241 F.Supp.2d 546, 548 (D.Md. 2003); *Hector v. Weglein*, 558 F. Supp. 194, 199 (D. Md. 1982). There is no reason to deviate from that entrenched law here.

First, should Plaintiff prevail in his lawsuit against BPD, the City of Baltimore, and not the state treasury, would pay the judgement. *See* Md. Code. Ann., Cts. & Jud. Proc. § 5-303(2) (requiring BPD to defend and indemnify employees found liable under the Local Government Tort Claims Act); *see also* Ian Duncan, *Baltimore Poised to Pay $9M to Man who Spent 20 Years in Prison on Wrongful Murder Conviction*, The Baltimore Sun (Apr. 30, 2018), https://www.baltimoresun.com/news/maryland/baltimore-city/bs-md-ci-wrongful-conviction-settlement-20180430-story.html. Second, BPD's operations are largely autonomous from the state. Baltimore's local laws permit the City to appoint the Police Commissioner, who in turn establishes the policies for the BPD; set BPD's budget; authorize hiring decisions; set employee salaries; require the Commissioner to provide an annual report about BPD's programs and operations; and offer benefits to BPD employees and employee families. Md. Public Local Laws art. 4 §§ 16-5, 16-8, 16-9, 16-19, 16-38. Third, BPD's actions are local as opposed to statewide as its jurisdiction is limited to the City of Baltimore and areas "owned, controlled, operated, or leased by the Mayor and City of Baltimore." *Id.* at §16-2. Finally, as noted above, this court has found that under state law, BPD is treated as "an arm of the City, not the state". *Alderman*, 952 F.Supp. at 258; *Kemp*, 2008 WL 11363697 at *4-5.

The cases BPD cites in support of its argument do not use the four-part test as directed by the Fourth Circuit, and therefore do not offer proper guidance to the court.

**Conference**: On April 11, 2019, Plaintiff reached out to all opposing counsel to confer on Plaintiff's intent to file a surreply. BPD has no objection to the filing of this motion. Counsel for the individual Defendants has not indicated whether they have a position or not on the matter.


Respectfully submitted,

_____/s/_____

Gayle Horn
*One of the counsel for Plaintiff*