



33 W. Monroe St
Suite 1830
Chicago, IL 60603

T: (312) 612-1955
F: (952) 658-3011

**ELECTRONICALLY SERVED
AND FILED VIA CM/ECF**                                        August 30, 2019

The Honorable Judge Theodore D. Chuang
United States District Court for the District of Maryland,
Southern Division
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    *Garreth Parks v. City of Baltimore Police Department*, et al.
             Civil Action No.: 1:18-cv-03092-TDC, Notice of Intent to File a Motion to Dismiss
             As a Litigation Sanction Based on The Fabrication of The So-Called
             "Mueller Report"

Dear Judge Chuang:

      This firm represents defendants Blane Vucci, Gordon Carew, Joseph Mueller, Kimberly Parks, Todd Tugya, Paul Dean, Joseph Jefferson, Brian Horton, Tom Pfeiler, Brian Ford, Kevin Buie, Joe Phelps, Ray Laslett, John Riddick, the Estate of Barry Grant, and the Estate of Charles Hagee ("Individual Defendants"). The firm of Baker Donelson also represents Individual Defendants, with the exception of the Estate of Charles Hagee. It is also anticipated that defendant Baltimore Police Department, through its counsel, will join the motion discussed below.

      As will be fully set forth in Individual Defendants' motion to dismiss as a litigation sanction, Plaintiff procured the dismissal of his murder conviction by falsely asserting that the so-called "Mueller Report" was withheld from him. Plaintiff claimed in his criminal court filings (and continues to claim in his civil complaint) that the so-called "Mueller Report" was exculpatory evidence because it allegedly documented a contemporaneous admission from a co-victim, Anthony Burgess, that Burgess and not Plaintiff fired the gunshots that killed the decedent in the incident for which Plaintiff was convicted. It was this very document that Plaintiff used to procure his release from prison. Attached to Defendants' motion will be detailed affidavits from two independent forensic document examiners who conclude that the so-called "Mueller Report" is a fraud. In fact, the so-called "Mueller Report" was fabricated by recreating Officer Mueller's signature from another, known document contained within Plaintiff's criminal case file.

      The parties have not met and conferred regarding this motion but, given the upcoming hearing on defense motions to dismiss scheduled for September 6, 2019, Individual Defendants believe it is prudent to bring the issues contained in their motion to the Court's attention at this

time. In addition, Individual Defendants submit that, even if Plaintiff were to agree to voluntarily dismiss this case, the matters raised within the motion should nevertheless be brought to the Court's attention because they bear on the very credibility of the judicial process. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). Ultimately, Individual Defendants will request that this Court dismiss this case as a litigation sanction, which is appropriate "when a party deceives [the] court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 654 (4th Cir. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462–63 (4th Cir. 1993)). Accordingly, Individual Defendants request leave of court to file the motion described herein.

Sincerely,

/s/ Shneur Nathan
NATHAN & KAMIONSKI LLP

/s/ Christopher Dahl
BAKER DONELSON

Cc: All Counsel of Record (Via CM/ECF)