# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARRETH PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-3092 |
| | ) | |
| v. | ) | |
| | ) | |
| BALTIMORE POLICE | ) | Hon. Theodore D. Chuang |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME
TO DISCLOSE PLAINTIFF'S HANDWRITING EXPERT**

NOW COMES Plaintiff Garreth Parks, by his undersigned counsel, Loevy and Loevy, to respectfully move the Court for an order to extend the deadline to disclose his handwriting expert until fourteen days after Plaintiff has conducted an inspection of Defendant Joseph Mueller's writing exemplars. In support of his motion, Plaintiff states as follows:

1. On August 30, 2019, the Individual Defendants filed a letter notifying this Court of their intent to file a motion to dismiss as a litigation sanction based on the Individual Defendants' belief that a report authored by Defendant Mueller ("the Mueller Report") was fabricated. ECF No. 84.

2. On September 6, 2019, this Court instructed both parties to conduct discovery into the issues that would be raised in Defendants' motion.

3. In preparation for the motion, Plaintiff served Plaintiff's First Set of Requests for Production to Defendant Mueller on November 14, 2019, requesting

1

writing exemplars from Defendant Mueller. Ex. A, Plaintiff's First Set of Requests for Production to Defendant Mueller.

4. On November 26, 2019, during a conference call with this Court regarding the Parties' Joint Status Report (ECF No. 89), this Court stated that Defendant Mueller had until December 31, 2019, to respond to Plaintiff's First Set of Requests for Production.

5. During the same conference call, this Court set Plaintiff's expert disclosure deadline for February 15, 2020.

6. On January 8, 2020, Defendant Mueller produced 155 pages of police reports ("exemplars") in response to Plaintiff's Request for Production. Ex. B, Defendant Mueller's Exemplars. The exemplars are a combination of scanned and microfiche images. As such, the image quality of the exemplars differs. Specifically, the microfiche images, which make up the majority of the sample, feature signatures and handwriting that are cloudy or partially obscured, and/or the images become pixelated when magnified.

7. Consequently, Plaintiff served a Request to Inspect Documents on Defendants Mueller and Baltimore Police Department on January 22, 2020.[1] Ex. C, Plaintiff's Request to Inspect Documents. In the request, Plaintiff asked to examine about 60 pages of exemplars and notified the Defendants that he would bring a vendor to scan the exemplars during the inspection.

---

[1] On February 6, 2020, Plaintiff served an Amended Request to Inspect Documents on Defendants Mueller and Baltimore Police Department. The Amended Request is substantially similar to the one served on January 22, 2020, and only differs in that it requests a total of six additional pages from police case numbers that were previously identified in Plaintiff's initial request.

8. Three business days later, on January 27, 2020, Plaintiff conferred with counsel for the Individual Defendants because opposing counsel believed Plaintiff's request appeared unduly burdensome. Ex. D, Email from Shneur Nathan, Jan. 22, 2019. During the conference, Plaintiff explained why he needed to be able to scan the exemplars. Counsel for the Individual Defendants indicated that he would determine which documents existed in paper form and could be inspected. Ex. E, Plaintiff's Letter Summarizing the Parties' Rule 104.7 Conference, Part IV.

9. To date, counsel for the Individual Defendants has not provided a date on which Plaintiff can inspect the exemplars, and he has indicated that he is unsure when he will be able to do so. Ex. F, Email from Shneur Nathan, Feb. 12, 2020.

10. Plaintiff has been diligently working to investigate the matters relevant to the Defendants' forthcoming motion, including deposing the Defendants' experts on December 17 and 18, 2019. Plaintiff also requested to inspect the exemplars within two weeks of receiving them and conferred with counsel about the request within three business days of the request being served.

11. Plaintiff's ability to inspect and obtain images of the exemplars that are clear and uniform is an essential part of Plaintiff's discovery. Defendant Mueller's handwriting is at issue in this case, and a fundamental part of handwriting analysis includes examining a sufficient sample of the author's handwriting. Plaintiff's defense of the Mueller Report would be hampered if he was not permitted to provide his expert with useable images to examine and have sufficient time for the expert to analyze the handwriting.

12. Plaintiff conferred with counsel for the Individual Defendants and counsel for Defendant Baltimore Police Department about his request for an extension. The Individual Defendants communicated that they objected to a 14 day extension, but stated they would consent to a 7 or 8 day extension. Ex. F. Defendant Baltimore Police Department joined the Individual Defendants' objection. Ex. E at Part IV.

13. Further, the Defendants are not prejudiced by an extension. There is no deadline by which the Defendants must file their motion.

14. Wherefore, Plaintiff respectfully requests a 14 day extension of time after Plaintiff has been permitted to inspect the Mueller exemplars to disclose his handwriting expert.

Respectfully submitted,

GARRETH PARKS

By: /s/ Renee Spence
*One of Plaintiff's Attorneys*

*Attorneys for Plaintiff*
Jon Loevy*
Gayle Horn
Katie Roche
Renee Spence*
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
spence@loevy.com
*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I, Renee Spence, an attorney, hereby certify that I filed the foregoing PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO DISCLOSE PLAINTIFF'S HANDWRITING EXPERT via the Court's CM/ECF system on February 14, 2020, and thereby served a copy on all counsel of record.

/s/ Renee Spence
*One of Plaintiffs' Attorneys*