**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND**

| | | |
|---|---|---|
| GARRETH PARKS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-cv-03092-TDC |
| | ) | |
| BALTIMORE POLICE DEPARTMENT et. al., | ) | The Honorable Theodore D. Chuang |
| | ) | |
| Defendants. | ) | |

**AGREED QUALIFIED HIPAA AND MCMRA PROTECTIVE
ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the Health Insurance Portability and Accountability

Act of 1996, codified primarily at 18, 26 and 42 U.S.C., 45 C.F.R. §§ 160 & 164, and Md. Code

Ann., Health-Gen., §4-301, et seq., the parties to this action, by and through their respective

counsel, have represented the following to the Court, and the Court finds:

A.      The following words and terms are defined for purposes of this agreed, Qualified

Protective Order ("Protective Order"):

1.      "Parties" shall mean plaintiff, Baltimore Police Department, the individual

defendants, and any additional party that this court may subsequently recognize as subject to this

Protective Order, and their attorneys.

2.      "HIPAA" shall mean the Health Insurance Portability and Accountability

Act of 1996, codified primarily at 18, 26 and 42 U.S.C. (2002).

3       "MCMRA" shall mean the Maryland Confidentiality of Medical Records

Act, Md. Code Ann., Health-Gen., §4-301, et seq.

4.      "Privacy Standards" shall mean the Standards for Privacy of Individually

1

Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2002).

5.    "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

6.    "Mental Health Communication" shall mean "communication" as that term is defined in MCMRA.

7.    "Mental Health Record" shall mean "record" as that term is defined in MCMRA.

8.    "Non-parties" shall mean all those other than the plaintiff, Baltimore Police Department, and the individual defendants.

9.    "Attorneys'/Patients' Eyes Only" shall mean to be viewed only by counsel of record for the instant litigation, their paralegals and investigators, medical professionals who treated the patient, retained expert witnesses, and the patient whose PHI is disclosed.

B.    This Protective Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI.

1.    The Parties are familiar with HIPAA, MCMRA, and the Privacy Standards.

2.    The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI, Mental Health Communication, and/or Mental Health Record of parties, third parties, and non-parties to other

parties, third parties and non-parties.

3.     Subject to the provisions of this Protective Order, a judicial ruling is required before any "Attorneys'/Patients' Eyes Only" matter produced in the pretrial discovery process pursuant to this Order can be placed under seal when deemed admissible and used at trial or otherwise filed with this Court so as to be of record. Further, as this Protective Order pertains to pretrial discovery, the parties understand that an interested member of the public has the right to challenge the placement under seal of any document deemed admissible and used at trial or otherwise filed with this Court so as to be of record. In the event of such a challenge, the party asserting confidentiality shall have the burden of proving the propriety of that designation.

C.     This Protective Order shall extend to all documentation as to the following:

1.     All PHI regarding non-parties and parties.

2.     The provision of medical care to non-parties and parties.

D.     The Parties agree to the following terms and conditions:

1.     Any PHI or other information disclosed pursuant to this Order shall be designated "Attorneys'/Patients' Eyes Only" and shall be viewed only by counsel of record for the instant litigation, their paralegals and investigators, medical professionals who treated the patient, retained expert witnesses, and the patient whose PHI is disclosed.

2.     The Parties agree to assist each other in the release of PHI, Mental Health Communication, and/or Mental Health Record by waiving all notice requirements that would otherwise be necessary under HIPAA, MCMRA, and the Privacy Standards. However, the parties agree to serve timely notice of any subpoenas issued, as required by the Federal Rules of Civil Procedure.

3.    The Parties either seek or agree to the release of PHI, Mental Health Communication, and/or Mental Health Record specifically for, but not limited to, the following persons, from the covered entity or entities identified in interrogatory answers, supplementary disclosures, deposition testimony, or other discovery tools: **Garreth Antonio Parks, Anthony Burgess, and Charles Hill.**

4.    The Parties agree not to use or disclose the PHI, Mental Health Communication, and/or Mental Health Record released in this proceeding for any other purpose or in any other proceeding.

5.    The Parties agree to store all PHI, Mental Health Communication, and/or Mental Health Record while it is in their possession according to the Privacy Standards.

6.    The Parties agree at the termination of this proceeding to, within 60 days, return all PHI, Mental Health Communication, and/or Mental Health Record (including all copies made) obtained during the course of this proceeding to the covered entity, or to destroy the PHI, Mental Health Communication, and/or Mental Health Record (including all copies made) obtained during the course of this proceeding pursuant to the Privacy Standards.

7.    The individual pages of each document designated, produced pursuant to this Order, or otherwise covered by such shall bear the following designation: ATTORNEYS' EYES ONLY: CONFIDENTIAL DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN No. 18-cv-03092-TDC or ATTORNEYS' EYES ONLY.

8.    No document containing the above designation shall be copied in whole or in part without such designation appearing on the copy.

9.    No document containing the above designation shall be read by any person other than the parties' counsel of record for the instant litigation, their paralegals and

investigators, medical professionals who treated the patient, retained expert witnesses, and the patient whose PHI is disclosed.

10.     To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any "Attorneys'/Patients' Eyes Only" matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

11.     Nothing in this Protective Order restricts the right of the parties to refer publicly to health information of any party or non-party so long as the health information is not sufficient to identify or could reasonably be expected to identify the individual.

12.     This Protective Order may be modified by further written stipulation signed by the parties and/or by further order of this Court upon application to the Court with notice.

13.     Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

The Honorable Theodore D. Chuang
United States District Court Judge

DATE:  3/3/2020

5