AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Maryland

| | | |
|---|---|---|
| GARRETH PARKS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    1:18-cv-03092-TDC |
| | ) | |
| BALTIMORE POLICE DEPARTMENT, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Baltimore City Public Schools, Office of Student Records, 200 E. North Ave., Rm 115, Baltimore, MD 21202
CC: Joshua Civin, Chief Legal Counsel, Baltimore City Public Schools, 200 E. North Ave., Rm 208, Baltimore MD

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   SEE ATTACHED RIDER

| Place: Nathan & Kamionski LLP | Date and Time: |
|---|---|
| 201 N. Charles St, Suite 1202 Baltimore, Maryland 21201 | 03/30/2020 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___03/06/2020___

*CLERK OF COURT*

OR

_____       /s/ Mayer Engelsberg
*Signature of Clerk or Deputy Clerk*       _____
                                                                     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    ___Defendant Officers___
_____, who issues or requests this subpoena, are:

Mayer Engelsberg, 201 N. Charles St, Suite 1202, Baltimore, MD 21201, mengelsberg@nklawllp.com, 410-885-4349

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-cv-03092-TDC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARRETH PARKS,                                )
                                              )
                    Plaintiff,                )          Case No. 18-CV-03092-TDC
                                              )
          vs.                                 )
                                              )          Judge Theodore D. Chuang
BALTIMORE POLICE DEPARTMENT,                  )
et al.,                                       )
                                              )
                    Defendants.               )

## SUBPOENA RIDER

Please provide any and all documents in your possession relating to Garreth Antonio Parks, DOB 03/31/19xx, and Joseph Gerrad Smith DOB 09/21/19xx, related to the following:

- Educational records that reflect testing results, grades, and individualized educational plans;
- Disciplinary records that relate to Garreth Antonio Parks and/or Joseph Gerrad Smith possessing a weapon;
- Disciplinary records for events that involve both Garreth Antonio Parks and Joseph Gerrad Smith;
- Attendance records that relate to both Garreth Antonio Parks and Joseph Gerrad Smith – e.g. shared classes.
- All other information unrelated to the above-listed categories should be redacted.

Upon information and belief, the last school attended by Garreth Antonio Parks was Pimlico Middle School.

Upon information and belief, the last school attended by Joseph Gerrad Smith was Northwestern High School.

** Production by Certified Mail to Mayer Engelsberg, Nathan & Kamionski LLP, 201 N. Charles St., Suite 1202, Baltimore, MD 21201, or by e-mail to mengelsberg@nklawllp.com is sufficient.

## IN THE UNITED STATES DISTRICT
## COURT FOR THE DISTRICT OF
## MARYLAND

GARRETH PARKS       )
            )
    Plaintiff,     )
            )
  v.         )   1:18-cv-03092-TDC
            )
BALTIMORE POLICE DEPARTMENT et. al., )   The Honorable Theodore D. Chuang
            )
    Defendants.   )

### Confidentiality Protective Order

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this 3ʳᵈ day of _March_ , _2020_ by the United States District Court for the District of Maryland, ORDERED:

1. Designation of Discovery Materials as Confidential.  All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, all deposition testimony and deposition exhibits, and the Baltimore Public Schools ("BPS") or other schools' student records of Garreth Antonio Parks, and Joseph Smith including their enrollment and graduation status, transcripts, and disciplinary history (hereinafter collectively "documents") shall be subject to this Order concerning confidential information, as set forth below. It is understood that this Order is in addition to all prior Orders entered by this Court concerning preservation, production and inspection of items produced in discovery:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word

"CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential information which is in fact confidential. Any and all BPS or other schools' student records of Garreth Antonio Parks and Joseph Smith are deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" without markings. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b)      Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c)      Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).  The parties shall not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

(d)      The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)      Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit.  Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii)      Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii)      Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv)    Disclosure may be made to consultants, investigators, or experts

(hereinafter referred to collectively as "experts") employed by the parties or

counsel for the parties to assist in the preparation and trial of the lawsuit.  Prior to

disclosure to any expert, the expert must be informed of and agree in writing to be

subject to the provisions of this Order requiring that the documents and

information be held in confidence.

(e)    Except as provided in subparagraph (d) above, counsel for the parties shall keep

all documents designated as confidential which are received under this Order secure

within their exclusive possession and shall take reasonable efforts to place such

documents in a secure area.

(f)    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to

collectively as "copies") of documents or information designated as confidential under

this Order or any portion thereof shall be immediately affixed with the word

"CONFIDENTIAL" if that word does not already appear.

2.    Scope of Documents to be Released Pursuant to a Subpoena. In order to ensure

the privacy of Garreth Antonio Parks and Joseph Smith, the documents that can be released

under this Court Order are as follows:

(a)    Educational records that reflect testing results, grades, and individualized

educational plans;

(b)    Disciplinary records that relate to Garreth Antonio Parks and/or Joseph Smith

possessing a weapon;

(c)    Disciplinary records for events that involve both Garreth Antonio Parks and

Joseph Smith; and

(d)     Attendance records that relate to both Garreth Antonio Parks and Joseph Smith –

e.g. shared classes.

All other information unrelated to the above-listed categories should be redacted.

3.     Confidential Information Filed with Court.  To the extent that any materials

subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them)

are proposed to be filed or are filed with the Court, those materials and papers, or any portion

thereof which discloses confidential information, shall be filed under seal (by the filing party)

with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter

the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic

Filing Requirements and Procedures for Civil Cases.  The Interim Sealing Motion shall be

governed by L.R. 105.11.  Even if the filing party believes that the materials subject to the

Confidentiality Order are not properly classified as confidential, the filing party shall file the

Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be

wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality

Order.

4.     Party Seeking Greater Protection Must Obtain Further Order.  No information

may be withheld from discovery on the ground that the material to be disclosed requires

protection greater than that afforded by paragraph (1) of this Order unless the party claiming a

need for greater protection moves for an order providing such special protection pursuant to Fed.

R. Civ. P. 26(c).

5.     Challenging Designation of Confidentiality.  A designation of confidentiality may

be challenged upon motion.  The burden of proving the confidentiality of designated information

remains with the party asserting such confidentiality.  The provisions of Fed. R. Civ. P. 37(a)(5)

apply to such motions.

6.    Return of Confidential Material at Conclusion of Litigation.  At the conclusion of

the litigation, all material treated as confidential under this Order and not received in evidence

shall be returned to the originating party.  If the parties so stipulate, the material may be

destroyed instead of being returned.  The Clerk of the Court may return to counsel for the parties,

or destroy, any sealed material at the end of the litigation, including any appeals.

The Honorable Theodore D. Chuang
United States District Court Judge